D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

UNITED STATES OF AMERICA

MEMORANDUM & ORDER

09-CR-672

-against-

MANNY BANA, et al.,

Defendants.
-----------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

The United States Government ("Government") brings this criminal case against sixteen alleged members of the Bonanno organized crime family. (See Superseding Indictment (S-1) (Docket Entry # 167).) Since October 27, 2009, the Government has provided Defendants with over 150 consensual recordings and corresponding information about the dates of each recording and the defendants who participated in each recorded conversation. (See Gov't Ltr. dated Jan. 8, 2009 ("Gov't Ltr.") (Docket Entry # 154) 1.) Defendants Anthony Sclafani, Joseph Sammartino, Frank Derosa, and Sebastian Derosa (collectively, "Defendants") move to compel discovery from the Government in connection with those recordings. (See Washor Ltr. dated Dec. 24, 2009 ("Washor Ltr.") (Docket Entry # 150).) For the following reasons Defendants' motion is denied.

I.  DEFENDANTS' DISCOVERY REQUESTS

Defendants request that the Government disclose, before trial, the names and models of its recording devices and the times and places that they were used, pursuant to Federal Rule of Criminal Procedure 16. (Washor Ltr. 2.) Defendants also appear to seek a list of any

1

unproduced recordings that the Government does not intend to use at trial of: (i) conversations that the Government's confidential informant had with Defendants, (ii) conversations the Government's informant had with others, and (iii) Defendants' conversations that were not made by or at the instigation of Government agents. (Id. 3-4.)

The Government represents that it has already provided Defendants all their recorded statements and corresponding information regarding the date and time for substantially all of the recordings. (See Gov't Ltr. 1, 6.) The Government, however, opposes Defendants' motion to the extent that they request information about the names and models of its recording devices and the locations where each recording device was used. It argues that Defendants are not entitled to this information under Rule 16 of the Federal Rules of Criminal Procedure. In the alternative, the Government asserts that the law enforcement privilege protects the requested information from disclosure. The Government also opposes Defendants' second request to the extent that it exceeds its obligations under Rule 16. On April 30, 2010, the court held a sealed and ex parte hearing for the Government to establish its basis for asserting the law enforcement privilege.

## II. DISCUSSION

### A. Electronic Surveillance Equipment

Federal Rule of Criminal Procedure 16(a) requires the Government to disclose certain documents and objects upon a defendant's request. Rule 16(a)(1)(E) provides that

> Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:
> (i) the item is material to preparing the defense;
> (ii) the government intends to use the item in its case-in-chief at trial; or
> (iii) the item was obtained from or belongs to the defendant.

2

Fed. R. Crim. P. 16(a)(1)(E). The Government does not state whether it intends to introduce the names and models of its electronic recording devices, or the places they were used, during its case-in-chief. The court, however, interprets the Government's opposition to Defendants' request as an implicit indication that it does not intend to do so.[1] Subsection (iii) is also not at issue. Defendants do not claim that the Government obtained any equipment from them. Accordingly, subsection (i) determines whether Defendants are entitled to information about the Government's recording equipment.

To obtain discovery under this subsection, Defendants must make a prima facie showing that it is material to the preparation of their defense. See United States v. Maniktala, 934 F.2d 25, 28 (2d Cir. 1991) (internal quotation marks omitted). "Evidence that the government does not intend to use in its case in chief is material if it could be used to counter the government's case or to bolster a defense." United States v. Stevens, 985 F.2d 1175, 1180 (2d Cir. 1993). "Materiality means more than that the evidence in question bears some abstract logical relationship to the issues in the case. There must be some indication that the pretrial disclosure of the disputed evidence would . . . enable[] the defendant significantly to alter the quantum of proof in his favor." Maniktala, 934 F.2d at 28 (internal quotation marks omitted). Information, however, is not material "merely because the government may be able to use it to rebut a defense position." Stevens, 985 F.2d at 1180.

In this case, Defendants claim that to adequately prepare their trial defenses they need information about the names and models of the Government's recording devices and places they

---

[1] Should the Government intend to introduce this information at trial, then it must disclose that information to the defense under Rule 16(a)(1)(E)(ii).

3

were used to record their conversations.[2] They assert that this will allow them to determine whether portions of their recorded conversations were altered or omitted from the Government's recordings. Defendants seek pretrial production to have an expert examine whether the recording machines were manipulated by the informant making the recordings or whether electronic transmissions were distorted or otherwise manually interfered with. Defendants do not, however, assert that the Government's recordings omit any portions or contain any errors of their conversations.

Under Rule 16, Defendants' contentions fail to make a prima facie showing of materiality. Information about the names and models of the Government's recording equipment and the places that they were used, by itself, would not enable Defendants to "significantly to alter the quantum of proof" in their favor. Maniktala, 934 F.2d at 28 (internal quotation marks omitted). Evidence that the Government's recording equipment might be vulnerable to manual manipulation or electronic interference based on its name and model would only counter the Government's proof to a significant degree if presented in conjunction with a claim that a recording is not accurate. Freestanding evidence that the Government's recording equipment is vulnerable to manipulation or interference is irrelevant if a challenged recording fairly and accurately represents the recorded conversation. Accordingly, Defendants are only entitled to discover the names and models of the Government's recording devices and places they were used under Rule 16 if they first put forth a colorable claim that the Government's recordings do not fairly and accurately represent their recorded conversations. If and when Defendants show that the requested information is material, the court will then consider whether it is otherwise protected from disclosure by the law enforcement privilege.

---

[2] It is unclear whether Defendants are entitled to information about the places that the Government used its recording equipment under Rule 16(a)(1)(E)(Documents and Objects). The court does not reach this issue as it finds that Defendants fail to show that the requested discovery is material to the preparation of their defense.

4

## B. List of Additional Recordings

In their second request, Defendants appear to seek a list of any unproduced recordings that the Government does not intend to use at trial of: (i) conversations that the Government's confidential informant had with Defendants, (ii) conversations the Government's informant had with others, and (iii) Defendants' conversations that were not made by or at the instigation of Government agents. (Washor Ltr. 3-4.) The Government represents that it has produced all of Defendants' recorded statements in its possession in compliance with Rule 16. Because the court has no reason to doubt the Government's representation, Defendants' request is denied. Defendants also have not offered any basis to order production of a list of recorded conversations that are in the Government's possession and in which Defendants did not participate.

## III. CONCLUSION

For the foregoing reasons, Defendants' discovery motion (Docket Entry # 150) is denied without prejudice.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
May 5, 2010

NICHOLAS G. GARAUFIS
United States District Judge