

*U.S. Department of Justice*

*United States Attorney*
*Eastern District of New York*

TM:NMA
F.#2008R01567

*271 Cadman Plaza East*
*Brooklyn, New York  11201*

October 14, 2010

**By ECF**

The Honorable Nicholas G. Garaufis
United States District Court
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

> Re:  United States v. Joseph Sammartino
>      Criminal Docket No. 09-672 (NGG)

Dear Judge Garaufis:

      The defendant Joseph Sammartino is scheduled to be sentenced by the Court on October 15, 2010 at 11:00 a.m.  The government respectfully submits this letter in response to the defendant's letter application dated October 7, 2010, seeking a lenient sentence based upon his personal circumstances, including his health.  For the reasons set forth below, the government respectfully submits that the defendant should be sentenced within the advisory Guidelines range of 18 to 24 months, reflecting an offense level of 14 and a Criminal History Category of II.[1]

I.  Background

      The defendant is an inducted member in the Bonanno organized crime family ("Bonanno family") of La Cosa Nostra, a violent criminal organization.  Just prior to his arrest, source information indicated that the defendant was part of the "ruling panel" or committee currently running the affairs of the Bonanno family.  According to a cooperating witness, the defendant was in

---

[1]  The government consents to a 3-point adjustment for acceptance of responsibility, a 3-point adjustment for minor role and a 1-point global adjustment.

recent years responsible for supervising, among other things, the New Jersey faction of the Bonanno family.[2]

Prior to October 2008, the defendant was also responsible for the supervision of a crew within the Bonanno family that included Bonanno family members Anthony Sclafani and Joseph Loiacono.  An extensive federal investigation, which involved physical surveillance and consensual recordings, revealed that the Loiacono and Sclafani made money through an extensive loansharking operation, including by collecting money through the use of extortionate means from a confidential source ("CS#1").  The investigation further revealed that the defendant sought to profit from this loansharking operation and directed Sclafani and Loiacono to collect money from CS#1 through the use of extortionate means.  As a result of this conduct, on August 27, 2008, a grand jury sitting in the Eastern District of New York returned an indictment charging the defendant with participating in the affairs of the Bonanno family through the collection of unlawful debt and two counts of extortion conspiracy.  On June 21, 2010, the defendant pled guilty to Count Fifteen of the superseding indictment, which alleged that the defendant conspired to collect an extension of credit using extortionate means.

II.  A Guidelines Sentence Is Appropriate and Reasonable

   A.   Legal Standard

It is now settled law, pursuant to the United States Supreme Court's decision in United States v. Booker, 125 S. Ct. 738 (2005), that the Guidelines are advisory, not mandatory, id. at 764-65, and that a sentencing court has the authority to fashion a reasonable and appropriate sentence in a given case. However, the Supreme Court further held in Booker that the sentencing court must consider the Guidelines in formulating an appropriate sentence.  Id.

---

[2] The defendant's position is confirmed by consensual recordings, the testimony of other cooperating witnesses and surveillance evidence.  For example, during a November 4, 2008 consensual recording, in response to a comment by a confidential source that Sammartino "must love" that co-defendant Anthony Sclafani was promoted to captain, Sclafani responded that he was given responsibility for Staten Island and Sammartino was given responsibility for New Jersey.

In Gall v. United States, 128 S. Ct. 586 (2007), the Supreme Court elucidated the proper procedure and order of consideration for sentencing courts to follow: "[A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range. As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." Gall, 128 S. Ct. at 596 (citation omitted). Next, a sentencing court should "consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party. In so doing, he may not presume that the Guidelines range is reasonable. He must make an individualized assessment based on the facts presented." Id. at 596-97 (citation and footnote omitted).

Title 18, United States Code, Section 3553(a) sets forth factors to be considered by the Court in imposing a sentence, including, inter alia, the nature and circumstances of the offense; the history and characteristics of the defendant; and the need for the sentence imposed to reflect the seriousness of the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed vocational or educational training.

B.  History and Circumstances of the Offense

Sammartino is a captain in the Bonanno family, who has pled guilty to the serious crime of extortionate collection of credit conspiracy, a crime of violence. As described above, Sammartino led a crew that included co-defendants Sclafani and Loiacono. As set forth in the pre-sentence investigation report ("PSR"), between 2004 and 2008, Sclafani and Loiacono lent money to CS#1 at exorbitant rates of interest. (PSR ¶¶ 15, 17). After some time, CS#1 was unable to continue to make the weekly $1,000 payments due on the loan. (Id.) As a result, Sclafani and Loiacono began threatening CS#1 with physical harm. (PSR ¶ 18). When CS#1 sought relief from other members of the Bonanno family leadership, the defendant was made aware of the debt and Sclafani and Loiacono's failure to provide the defendant with his share of profits from CS#1's loan. Consensual recordings indicate that Sclafani and Loiacono were in defendant Sammartino's crew and that after Sammartino became aware of the debt, Sammartino insisted that CS#1 continue paying and that Sammartino receive a portion of Loiacono and Sclafani's proceeds. For example, during a May 9, 2008 consensually recorded meeting between CS#1, Sclafani and Loiacono, Sclafani told CS#1 that he spoke to Sammartino, who told him to "do whatever you gotta do to get your

3

money back." Sclafani further advised that Sammartino said he "wants that fucking money every month."

Given the serious nature of the underlying offense and the defendant's role in the offense, the history and characteristics of the offense weigh in favor of a sentence within the advisory guideline range for the purposes of punishment and promoting general and specific deterrence. See 18 U.S.C. § 3553(a)(1), (a)(2)(A) & (a)(2)(B).

C. History and Characteristics of the Defendant

The defendant suggests that he should be given a lenient sentence based upon his health, in order to receive treatment from his private physicians. While it is undisputed that the defendant suffered from cancer some years ago, it is clear that his current ailments are limited to high cholesterol, high blood pressure, non-insulin dependent diabetes and hypothyroidism. (PSR ¶ 85). However, as of December 2009, the MDC has classified the defendant as "non-compliant" for failure to take medications prescribed to address these conditions. (Id.) Therefore, considering the defendant has failed to comply with the recommended medical treatment, he should not be allowed to use these ailments to mitigate his punishment in this case. Moreover, the defendant committed the acts charged in the indictment quite recently and subsequent to his cancer diagnosis and treatment. If these circumstances were not significant enough to deter his criminal activities on behalf of the Bonanno family, the defendant should not be able to use his medical history to shield himself from the consequences of his conduct - a custodial sentence.

Contrary to the defendant's representations in his October 7, 2010 letter, he has not demonstrated a consistent employment history. In fact, the defendant has been unemployed and receiving disability benefits since 2003. (PSR ¶ 90). Despite this fact, and the fact that the defendant's wife Maria Sammartino reports an annual salary of $65,000 per year as a Special Education public school teacher, an analysis of their finances indicates that they have close to $1 million in assets, including close to $700,000 worth of liquid assets, which indicates that his activities on behalf of the Bonanno family have been lucrative. (PSR ¶ 98). Indeed, when the defendant was arrested, Special Agents of the Federal Bureau of Investigation found $10,000 in cash in the defendant's bedroom. The government respectfully submits that the Court should consider the incongruity between these assets and the defendant's employment when considering the extent of the fine to be imposed.

None of the facts set forth in the defendant's sentencing memorandum put in dispute the defendant's participation in criminal acts on behalf of the Bonanno family, his ascension in its ranks or the lucrative nature of his involvement. Based on the history and characteristics of the defendant, the defendant should be sentenced to a custodial sentence within the Guidelines range.

### D. The Need for the Sentence Imposed

Given the defendant's position in the Bonanno family, the nature of the extortion conspiracy and the threats endured by CS#1, as well as his level of involvement in the extortion conspiracy, a sentence of incarceration is appropriate. In fact, a lesser sentence would promote disrespect for the law. See, e.g., United States v. Cutler, 520 F.3d 136, 154 (2d Cir. 2008) (concluding that the district court made errors in certain "Guidelines applications and in its departure decisions; that the sentences imposed did not properly interpret certain of the sentencing factors that the court was required to consider under 18 U.S.C. § 3553(a), such as just 'punishment' and deterrence of others; and that some of the court's rationales would promote disrespect for the law"). The defendant should thus be sentenced within the applicable advisory Guidelines range of 18 to 24 months.

## III. Conclusion

For the foregoing reasons, the government respectfully submits that the Court should impose a sentence within the advisory Guidelines range of 18 to 24 months.

    Respectfully submitted,

    LORETTA E. LYNCH
    United States Attorney

By:    /s/
    Nicole M. Argentieri
    Gina M. Parlovecchio
    Assistant United States Attorneys

cc: Michael Rosen, Esq. *(by ECF)*
    Senior Probation Officer Mary Ann Betts *(by Mail)*